**EASTERN AIRLINES, Inc. v. CIVIL AERONAUTICS BOARD et al.**

No. 10264.

United States Court of Appeals, District of Columbia Circuit.

Decided Oct. 23, 1950.

W. Glen Harlan and E. Smythe Gambrell, Atlanta, Ga., for petitioner. Llewellyn C. Thomas, Washington, D. C., also entered an appearance for petitioner.

William J. Hickey, Special Assistant to the Attorney General, with whom Assistant Attorney General Herbert A. Bergson and Emory T. Nunneley, Jr., General Counsel, and John H. Wanner, Associate General Counsel, both of the Civil Aeronautics Board, Washington, D. C., were on the brief, for respondent.

Robert B. Hankins and Macon M. Arthur, Washington, D. C., entered appearances for intervenor Capital Airlines, Inc.

Before EDGERTON, CLARK, and FAHY, Circuit Judges.

EDGERTON, Circuit Judge.

Section 401(a) of the Civil Aeronautics Act, 52 Stat. 987, 49 U.S.C.A. § 481(a), provides that "no air carrier shall engage

in any air transportation unless there is in force a certificate issued by the Board authorizing such air carrier to engage in such transportation * * *" Capital was a certificated air carrier and wished to engage in transportation not covered by its certificate. Section 401(h) of the Act, 52 Stat. 989, 49 U.S.C.A. § 481(h), authorizes the Board "after notice and hearing" to amend a certificate if public convenience and necessity require. But the Act contains an exemption section which does not mention notice or hearing. Section 416(b) (1), 52 Stat. 1005, 49 U.S.C.A. § 496(b) (1), says the Board "may (except as provided in paragraph (2) of this subsection) exempt from the requirements of this title or any provision thereof * * * any air carrier * * * if it finds that the enforcement of this title or such provision * * * would be an undue burden on such air carrier * * * by reason of the limited extent of, or unusual circumstances affecting, the operations of such air carrier * * * and is not in the public interest."

On July 29, 1948 Capital filed with the Board an application for an order under the paragraph just quoted, § 416(b) (1), exempting Capital from the requirements of the Civil Aeronautics Act in so far as they would, otherwise, prevent Capital from engaging in certain transportation. The application contained various assertions of fact, and conclusions to the effect that the proposed schedules would immediately enable Capital to save over $11,000 per month and would be in the public interest. The application was verified. On September 27, 1948, after proceedings which we summarize below,[1] the Board, "finding that the present enforcement of the provisions of section 401(a) of the Act insofar as said sections [sic] would otherwise prevent applicant from engaging in the air transportation authorized hereby would be an undue burden on applicant by reason of the unusual circumstances affecting its operations and is not in the public interest," issued a temporary order, to expire in one year, exempting Capital from those provisions to that extent and authorizing it to en-

gage in certain transportation not authorized by its certificate. On October 24, 1949 the Board issued a similar order, to expire in six months, on condition that Capital apply within 30 days for amendment of its certificate pursuant to § 401(h). On November 23, 1949 Capital did so apply.

■ On May 12, 1949 Eastern, a certificated air carrier, filed in this court the present petition for review of Capital's exemption order of September 27, 1948. We assume for present purposes that the order subjected Eastern to such additional competition as to give Eastern "a substantial interest in such order" within the meaning of the section of the Act that permits judicial review. § 1006(a), 52 Stat. 1024, 49 U.S.C.A. § 646(a).[2] Since the exemption order, and its successor, have expired by their own terms, we might dismiss the petition for review as moot. But judicial decision of important questions that are likely to recur should not be "defeated, by short-terms orders, capable of repetition, yet evading review". Southern Pacific Terminal Co. v. Interstate Commerce Commission, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310; Gay Union Corp. v. Wallace, 71 App.D.C. 382, 112 F. 2d 192, certiorari denied, 310 U.S. 647, 60 S.Ct. 1098, 84 L.Ed. 1414. Eastern's petition raises one important and recurring question.

■ This question is whether exemption proceedings by the Board under § 416(b) of the Civil Aeronautics Act must conform to the requirements concerning notice, hearing, etc., that are imposed by §§ 5, 7, and 8 of the Administrative Procedure Act, 60 Stat. 239, 241, 242, 5 U.S.C.A. §§ 1004, 1006, 1007. There is no contention that the Board's proceedings did conform to those requirements.

The Administrative Procedure Act imposes those requirements "In every case of adjudication required by statute to be determined on the record after opportunity for an agency hearing". (§ 5) Although § 416(b) (1) of the Civil Aeronautics Act does not mention a hearing Eastern con-

---

1. Note 4.

2. Accordingly we have denied the Board's motion to dismiss the petition for review

tends in effect that, by authorizing the Board to grant exemptions if the Board "finds" certain things, § 416(b) (1) impliedly requires "adjudication * * * to be determined on the record after opportunity for an agency hearing." We do not agree with this contention.

In some contexts the word "finds" may imply notice and hearing but its present context precludes that implication. To read such a requirement into § 416(b) (1) of the Civil Aeronautics Act would frustrate the action of Congress in permitting the Board to exempt carriers from nearly all requirements of the Act, including the requirement of § 401(a) that certificates be obtained and the requirement of § 401(h) that they be not amended without notice and hearing. There would be small point in permitting the Board to exempt a carrier from the delay and other burdens of a full hearing under § 401(h) and at the same time requiring the Board, before granting the exemption, to hold a similar full hearing under § 416(b) (1).[3] The purpose of Congress in permitting the Board to grant exemptions was to avoid "undue burden" on carriers. Both that purpose and the fact that the words "notice and hearing," which are used in many Acts of Congress and in some sections of the Civil Aeronautics Act, are omitted from § 416(b) (1) indicate that this paragraph does not require a full hearing. We have pointed out that the words "notice and hearing" are used in § 401(h), which provides for amending certificates. They are used, al-

so, in the very paragraph that immediately follows paragraph 416(b) (1) and creates an exception to it. Whereas 416(b) (1), without mentioning notice and hearing, authorizes the Board "except as provided in paragraph (2) of this subsection" to grant exemptions from the requirements of the Act "if it finds that" their enforcement would be an undue burden, paragraph (2) forbids the Board to grant exemptions from certain requirements of the Act regarding pilots' hours and pay unless it "finds, after notice and hearing, that" their enforcement would be an undue burden. Congress could hardly have made clearer its intention to authorize the Board to grant, without hearing, exemptions from requirements that do not relate to pilots.

▮ The statutory words "if it finds", in their context, mean little more than "if it believes". A belief arbitrarily held might not be enough and some proceedings may be necessary. In this case there were proceedings, in the course of which several verified documents were filed with the Board.[4] We do not doubt that these proceedings were all the law requires and more. But that specific question has become moot and we decide only the general question which is likely to recur. In our opinion the Civil Aeronautics Act does not require that exemption applications be adjudicated "after opportunity for an agency hearing".

▮▮ Even though no Act of Congress requires a hearing, the Administrative Pro-

3. As the Seventh Circuit has said in a more or less comparable situation, "We agree with the board that if the test for determining whether an indirect carrier should be relieved of the obligation of proving necessity is to require proof of necessity in every case, it would completely nullify the purpose of Congress as expressed in Section 1(2)." American Airlines v. Civil Aeronautics Board, 178 F.2d 903, 906.

4. On July 29, 1948 Capital filed its verified application for exemption. On August 19, 1948 Eastern filed a motion that the application be dismissed or set for hearing. The motion presented Eastern's views on the law and disputed factual allegations of Capital. On August 31, 1948

Capital filed a verified answer to Eastern's motion, disputing arguments and factual allegations of Eastern. On September 16, 1948 Eastern filed a reply. On September 27 the Board issued its order denying Eastern's motion and granting Capital's exemption. On November 2, 1948 Eastern filed a verified petition for reconsideration and for a stay of the exemption order, advancing new facts and arguments. On November 30, 1948 Eastern filed a verified supplement to that petition with additional facts and arguments. On December 13, 1948 Capital answered Eastern's supplemented petition for reconsideration. On December 22, 1948 Eastern replied to Capital's answer. On March 15, 1949 the Board amended its original order.

cedure Act must be followed where a hearing is necessary to the protection of constitutional rights. Wong Yang Sung v. McGrath, 339 U.S. 33, 70 S.Ct. 445. But that rule is not pertinent here. Eastern is complaining of damage by competition which it says was made possible by unauthorized administrative action. The Constitution does not guarantee protection against such damage. Alabama Power Co. v. Ickes, 302 U.S. 464, 58 S.Ct. 300, 82 L. Ed. 374; Tennessee Electric Power Co. v. Tennessee Valley Authority, 306 U.S. 118, 59 S.Ct. 366, 83 L.Ed. 543. Cf. Perkins v. Lukens Steel Co., 310 U.S. 113, 60 S.Ct. 869, 84 L.Ed. 1108; Chapman v. Sheridan-Wyoming Coal Co., Inc., 338 U.S. 621, 70 S.Ct. 392.

We conclude that the requirements of §§ 5, 7, and 8 of the Administrative Procedure Act have no application to exemption proceedings under § 416(b) (1) of the Civil Aeronautics Act.

Affirmed.