## COOK CLELAND CATALINA AIRWAYS, Inc. v. CIVIL AERONAUTICS BOARD.

### No. 11095.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 17, 1952.

Decided Feb. 21, 1952.

Dayton M. Harrington, Washington, D. C., for petitioner. James D. Graham, Jr., Washington, D. C., also entered an appearance for petitioner.

O. D. Ozment, Attorney, Civil Aeronautics Board, Washington, D. C., with whom Asst. Atty. Gen. H. G. Morison, Emory T. Nunneley, Jr., General Counsel, Civil Aeronautics Board, and John H. Wanner, Associate General Counsel, Civil Aeronautics Board, Washington, D. C., were on the brief, for respondent. Charles H. Weston, Attorney, Department of Justice, Washington, D. C., also entered an appearance for respondent.

Before EDGERTON, PRETTYMAN and WASHINGTON, Circuit Judges

PRETTYMAN, Circuit Judge.

This is a petition to review orders of the Civil Aeronautics Board.

The Civil Aeronautics Act, in Section 416,[1] gave the Civil Aeronautics Board power to exempt from the requirements of the Act air carriers upon certain conditions. In October, 1938, the Board issued a general regulation[2] which exempted from certain provisions of the Act carriers which operated on an irregular or non-scheduled basis. In 1947 the Commission adopted an amendment to that regulation, which required irregular air carriers utilizing large aircraft to obtain letters of registration,[3] which letters were issued upon application. The only information required to be given in the application was the date, the name of the carrier, its address, the location of its principal operating base, the names of the

---

1. 52 Stat. 1004 (1938), 49 U.S.C.A. § 496.

2. 14 Code Fed.Regs. § 292.1 (Cum. Supp.).

3. 14 Code Fed.Regs. § 292.1 (1947 Supp.).

officers and directors, if a corporation, and of the partners, if a partnership, and the types and numbers of its aircraft, and these letters of registration were issued as of course. In 1949 the Board again amended the regulation [4] and terminated the blanket exemption authority as to "large irregular carriers", substituting a requirement that they file applications for individual exemption orders. Such applications were considered and passed upon by the Board as individual matters.

On August 4, 1948, under the blanket exemption regulation, a letter of registration was issued to petitioner, which letter simply stated that the petitioner "is hereby acknowledged to have duly registered with the Civil Aeronautics Board as a Non-Certificated Irregular Air Carrier under the provisions of section 292.1 of the Economic Regulations, as amended". Under date of June 20, 1949, petitioner applied for an individual exemption. That application was denied without a hearing.

According to its quarterly flight reports petitioner had engaged in no operations from the date of the issuance of its 1948 letter of registration up to and through September 30, 1950, except for one flight under charter in an aircraft which petitioner owned during one quarter of the year only. Petitioner filed a petition for reconsideration, in which it recited that its ownership had changed, that it then owned no aircraft, but that it planned to lease aircraft, and that, although it had never operated except for the one flight, its plans called for more frequent flights. This petition was denied without a hearing. The Board stated that it would consider as true and accurate all of the allegations of fact in the petition for reconsideration and in the original application. Upon that basis it concluded that petitioner had not presented any

matter sufficient to warrant granting the exemption requested.

Petitioner presents two points: (1) that it was entitled to a hearing, meaning an adjudicatory proceeding, before its application for exemption was denied, and (2) that it was entitled to a hearing "before its license was revoked." In Eastern Airlines v. Civil Aeronautics Board [5] we discussed the applicability of the hearing provisions of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq. to exemption proceedings under Section 416(b)(1) of the Civil Aeronautics Act, and held that the former has no application to the latter. That case dealt directly with an intervenor seeking to prevent a grant of exemption, but the same reasoning and the same rule apply to the denial of a claim for exemption. Exactly the same reasoning also applies to petitioner's point concerning the "revocation" of its "license". Its "license" was a permission to operate under a blanket exemption, and no hearing is required by the Civil Aeronautics Act, and hence none by the Administrative Procedure Act, in respect of such exemptions. The present petitioner did actually participate in the proceedings which eventuated in the termination of the blanket exemption, filing a written comment on the proposal; it failed to avail itself of time allotted to it for oral presentation.

In the present case no hearing was required by the Constitution, as no existing business and no existing property was involved. We do not have here any question which might arise if the applicant had developed a business or acquired property by reason of the original registration or the original permissive regulations of the Board.[6]

The orders of the Civil Aeronautics Board are affirmed.

4. 14 Code Fed.Regs. § 292.1 (1949 ed.).

5. 1950, 87 U.S.App.D.C. 331, 185 F.2d 426, judgment vacated with directions to dismiss as moot, 1951, 341 U.S. 901, 71 S. Ct. 613, 95 L.Ed. 1341.

6. Compare Standard Airlines v. Civil Aeronautics Board, 1949, 85 U.S.App.D.C. 29, 177 F.2d 18.