**ISLAND AIRLINES, INC., Appellant,**

v.

**CIVIL AERONAUTICS BOARD,**
**Appellee.**

**No. 19157.**

United States Court of Appeals
Ninth Circuit.

April 24, 1964.

Robertson, Castle & Anthony, and Frank D. Padgett, Honolulu, Hawaii, for appellant.

John W. Douglas, Asst. Atty. Gen., Herman T. F. Lum, U. S. Atty., Morton Hollander and Barbara W. Deutsch, Attys., Dept. of Justice, Washington, D. C., and John H. Wanner, Gen. Counsel, Civil Aeronautics Board, Washington, D. C., for appellee.

Bert T. Kobayashi, Atty. Gen., for State of Hawaii, Arthur S. K. Fong, Deputy Atty. Gen., Honolulu, Hawaii, on behalf of amicus curiae State of Hawaii.

Before CHAMBERS, KOELSCH and BROWNING, Circuit Judges.

CHAMBERS, Circuit Judge:

The people of the State of Hawaii live on six major islands: Oahu, Maui, Kauai, Hawaii, Molokai, and Lanai. All are separated by open sea.

For awhile, prior to May, 1963, Island Airlines operated among the Hawaiian Islands, indicated above, under authority of the State of Hawaii, but without a federal certificate of convenience and necessity from the appellee, Civil

Aeronautics Board. Then the board sought and obtained a permanent injunction from the United States District Court for the District of Hawaii closing down the Island company's inter-island operations because there was no federal certificate.

■ At the root of the problem is, where is the boundary or boundaries of the State of Hawaii? Are the intervening open seas and the floors thereof within the territorial boundaries of Hawaii? Only by implication could we conclude that in entering its injunction decree, the trial court has ruled on this basic question. If it has so ruled, then it should be said it has ruled there is no legal physical connection (contiguity) between island and island among the islands. At this point it should be said there is no showing that the Civil Aeronautics Board's position has anything to do with safety— a function of the Federal Aviation Authority. The sweep of the decree in its present form, in our judgment, probably could only be sustained on the basis that the intervening seas (less offshore limits) are no part of the State of Hawaii.

■ If the foregoing premise be accepted, then we may be face to face with a constitutional question of equal protection of the laws, something traditionally avoided by the courts, if there be a nonconstitutional basis for decision.

Under all the circumstances, this court holds that the district court should rule expressly on the status of the intervening space between and among the islands. It may be entirely possible that the record is adequate for this court to rule on the question as a matter of law, but we do not so rule on the point at this time, because we desire the district court's views (as well as that of the adversaries—which we already have) on the boundaries of the State of Hawaii insofar as the intervening sea space (beyond the conventional three-mile limit) is concerned.

Perhaps the state department, through the Attorney General of the United States, should be requested to officially state its position (we are aware of the testimony in the case of the state department representative as an expert).

Hawaii, which has appeared as a friend of the court, suggests that if the Civil Aeronautics Board is right, it will be the only state of 50 whose intra-state transportation is subject to federal grace of to be or not. If such be the eventual outcome (we do not predict), our ruling today should hasten congressional consideration of whether Hawaii should be exempted from federal permits to operate island to island.

■ Island Airways has made the contention that the injunction was improper because, it says, the case had become moot. On mootness, we uphold the district court. Island's position that the issues here are so vital to Hawaii that an injunction wreaks economic havoc for Hawaii and that its flights are vital to Hawaii, are hardly consistent with mootness.

In our opinion, for the purposes here, metes and bounds of a circumference or circumferences will not be necessary.

It is probably correct that if the State of Hawaii is not a party, a decree against Island Airlines might not bind Hawaii. But in this court's views, no useful purpose will be served in postponing a face down on the basic territorial limits of the State of Hawaii.

The case is remanded for proceedings consistent with this opinion.

The district court should vacate its final decree, make findings anew, and enter a new decree.