**ISLAND AIRLINES, INCORPORATED,**
**Petitioner,**

v.

**CIVIL AERONAUTICS BOARD,**
**Respondent.**

**No. 20552.**

United States Court of Appeals
Ninth Circuit.

July 8, 1966.

George F. Galland, G. Nathan Calkins, Amy Scupi, Galland, Kharasch, Calkins & Lippman, Washington, D. C., for petitioner.

Donald F. Turner, Asst. Atty. Gen., Howard E. Shapiro, Atty., Dept. of Justice, Washington, D. C., Joseph B. Goldman, Gen. Counsel, O. D. Ozment, Deputy Gen. Counsel, Robert L. Toomey, Acting Associate Gen. Counsel, Litigation and Legislation, Tyll Van Geel, Atty., C.A.B., Washington, D. C., for respondent.

J. Russell Cades, Wm. M. Swope, Honolulu, Hawaii, for amicus curiae Aloha Airlines.

Bert. T. Kobayashi, Atty. Gen. of Hawaii, Arthur S. K. Fong, Deputy Atty. Gen., Honolulu, Hawaii, for amicus curiae State of Hawaii.

Allen M. Stack, Pratt, Moore, Bortz & Vitousek, Honolulu, Hawaii, for amicus curiae Hawaiian Airlines, Inc.

Before CHAMBERS, BARNES and MERRILL, Circuit Judges.

BARNES, Circuit Judge:

This is a petition to review an order of the Civil Aeronautics Board (hereinafter "CAB"), denying an exemption.

The CAB had jurisdiction to entertain Island Airlines' (hereinafter "Island") petition for exemption from economic regulation pursuant to section 416(b) of the Federal Aviation Act, 49 U.S.C. § 1386(b). This court has jurisdiction to review the order of the CAB refusing the exemption pursuant to section 1006 of the Federal Aviation Act, 49 U.S.C. § 1486.

This is the third time that Island has appeared before this court in connection with its continuing controversy with the CAB concerning the right of Island to carry on inter-island flights among the islands comprising the State of Hawaii. Island first appeared here in 1964 on appeal from a permanent injunction issued by the district court for the District of Hawaii which enjoined Island from continuing inter-island flights authorized by the State of Hawaii without first having obtained a federal certificate of convenience and necessity from the CAB. This court remanded the proceedings to the district court to determine whether the intervening open seas between the various Hawaiian Islands

were within the territorial boundaries of Hawaii. 331 F.2d 207 (9th Cir. 1964). On remand, the district court found that the channels between the islands were not within the boundaries of the State, that flights between the islands were in interstate air commerce through airspace over places outside the State of Hawaii, that the CAB had jurisdiction of such flights, and again granted a permanent injunction against Island. 235 F.Supp. 990 (D.Hawaii 1964). Island again appealed from the injunction and this court affirmed the district court. 352 F.2d 735 (9th Cir. 1965).

On May 26, 1965, while the appeal from the district court's second injunction was still pending before this court, Island filed a petition with the CAB requesting that Island and all others similarly situated be granted an exemption from economic regulation under the Federal Aviation Act. Such an exemption would eliminate the need for Island and others similarly situated to apply for certification by the CAB. The CAB correctly states that "Island's proposal was that the Board surrender jurisdiction to the State of Hawaii to license and regulate those carriers engaged in the transportation of persons and property between the islands." (Respondent's Brief, pp. 1–2.) The Hawaii State Senate, Hawaii State House of Representatives, and Maui County Board of Supervisors each submitted resolutions to the CAB in support of Island's exemption application. On July 7, 1965, answers in opposition to Island's application were filed by Hawaiian Airlines, Inc. and Aloha Airlines, Inc., the two carriers presently serving the State under certification and subsidy from the CAB. Island filed no response to this opposition and did not request a hearing. On October 11, 1965 the CAB filed an order denying the exemption requested. Island now seeks review of this CAB order and requests the court either to require the CAB to provide a hearing, or to grant an exemption to Island without remand to the CAB. In these proceedings now before this court, the State of Hawaii, Aloha Airlines and Hawaiian Airlines have been permitted to file briefs as amici curiae.

### I. Does Denial of the Exemption Deprive Hawaii of "Equal Footing" in the Federal Union?

 Island devotes a good deal of its efforts to an argument based on the premise that since all other states have control of intrastate air transportation and only Hawaii of all fifty states does not because of an accident of geography, Hawaii will be denied "equal footing" in the federal union unless the CAB relinquishes control and turns the whole control of intrastate flight over to Hawaiian State regulation. This argument is without merit for two reasons.

First, the legislative history makes it clear that Congress, in passing the Hawaiian Statehood Act admitting Hawaii to the federal union, did so with the knowledge and intent that federal control over intrastate air transportation would remain in effect. For example, Senate Report No. 80 on S. 50 (the Hawaiian Statehood bill), 86th Congress, 1st session, reproduced in U.S.Code Congressional and Administrative News, 86th Cong., 1st Sess., pp. 1346, 1348–1349, contains the following pertinent observations:

> *"Aviation matters*
>
> Hawaii presents a unique situation with respect to the impact of statehood on the Federal regulation of air transportation between the main islands. This is because of the geographical structure of the Territory, the land areas being separated by substantial expanses of ocean which are not included in the territorial limits of Hawaii. Hence, most, if not all, of the interisland air transportation passes through airspace not a part of the Territory. Under the provisions of the Federal Aviation Act of 1958 and other applicable Federal legislation, the Civil Aeronautics Board exercises economic regulatory jurisdiction over carriers engaged in interstate air transportation, which is de-

fined to include not only transportation between a place in a State and a place in any other State, but also transportation between places in the same State through the airspace over any place outside thereof. Consequently, with the admission of Hawaii as a State, interisland air transportation will remain subject to the economic controls provided by the Federal Aviation Act including other applicable Federal legislation, because that transportation, or most of it, while between places in the same State, will pass through airspace outside the State. In the other States, air transportation of this kind passing through airspace outside the State is of slight volume in comparison with air transportation merely between places in the same State. In the case of Hawaii, the reverse would be true. The committee wishes to make it clear that it believes the application of the provisions of the Federal Aviation Act and other applicable Federal legislation to the State of Hawaii should continue in accordance with the definition of interstate air transportation as contained in that act."

 Second, this very same assertion was previously made by Island in the injunction proceedings, and answered adversely to Island by both the district court and this court. This court's holding was that the continued regulation of inter-island flight by the CAB did not constitute "invidious discrimination" against the State of Hawaii (352 F.2d 735, 744), citing United States v. State of Louisiana, 363 U.S. 1, 77, 80 S.Ct. 961, 4 L.Ed.2d 1025 (1960). That case refers to "equal footing," but it is clear that in both the district court's opinion and in our previous opinion, the terms "invidious discrimination" and "equal footing" were synonymous. Other cases also establish that federal regulation which is otherwise valid is not a violation of the "equal-footing" doctrine merely because its impact may differ between various states because of geographic or economic reasons. State of

Alabama v. State of Texas, 347 U.S. 272, 74 S.Ct. 481, 98 L.Ed. 689 (1954); United States v. Texas, 339 U.S. 707, 70 S.Ct. 918, 94 L.Ed. 1221 (1950). The earlier decision of this court that CAB regulation did not constitute "invidious discrimination" is binding precedent in this related proceeding.

II. Procedural Irregularities.

Island's contention under this heading is summarized in this quotation from its opening brief (Petitioner's Brief, p. 34):

"The CAB did not deny the petition for legal insufficiency of its own allegations. It received answering pleadings (R. 38-157) from the interveners which contested the petition and alleged new facts. Without affording any procedure for testing either the truth or legal sufficiency of the answers, the Board summarily denied (1) the Island petition; and (on the basis of such denial) (2) the supporting state and county petitions—in reliance on material alleged in the answers and uncritically accepted as true, without proof. This was error, involving a denial of constitutional due process and a failure to find the requisite facts. It was also prejudicial error because Island would have contested the material facts as alleged by interveners and the contest would have been more than formal. * * * "

We have carefully reviewed Island's procedural contentions and find them to be without merit for the following reasons:

Island contends that the CAB erred in accepting as true the unproved contentions of Aloha and Hawaiian and ignoring those of Island. Island then turns around and asks this court to grant the exemption on the similarly unproved contentions of Island. Overlooking the inconsistency of this approach, we cannot agree that the CAB's order denying exemption was based on the acceptance of the Aloha and Hawaiian contentions. Rather, we think the order makes it clear that the primary basis for the denial was the insufficiency of Island's showing

that the exemption would be in the public interest, and that a certification proceeding would be an undue burden on Island or such other carriers. Island attempts to meet this answer by stating that the proof required by the CAB would amount to a certificate proceeding and would defeat the whole purpose of the exemption provision of the Federal Aviation Act.

We can sympathize with the difficulties arising from the somewhat vague standard of the quantum of proof required in exemption proceedings, but find that Island's position in this regard is drastically undermined by its own conduct. 14 C.F.R. § 302.402 sets forth the CAB's requirements for the contents of an application for exemption, with specific references to what it must contain. Our examination of Island's application for exemption reveals that it is largely comprised of arguments which both the CAB and this court have already rejected. (See Point I, supra.) Additionally, although complaining of the CAB's supposed reliance on the Aloha and Hawaiian opposition, Island made no attempt to answer their contentions, as it is specifically authorized to do under 14 C.F.R. § 302.407. Perhaps even more surprising in light of the request it now makes is the fact that Island did not request a hearing by the CAB on its exemption application, as it is authorized to do by 14 C.F.R. § 302.408. Apparently it did not conclude a hearing was so vital to its right to procedural due process until *after* the CAB had denied its exemption application. Even then it did not file a petition for a rehearing, as it had a right to do.

■ We believe it is clearly established that in an exemption proceeding, as compared to a certificate proceeding, a hearing is not always required. Eastern Air Lines v. Civil Aeronautics Board, 87 U.S.App.D.C. 331, 185 F.2d 426 (1950), vacated as moot, 341 U.S. 901, 71 S.Ct. 613, 95 L.Ed. 1341 (1951); Cook Cleland Catalina Airways v. Civil Aeronautics Board, 90 U.S.App.D.C. 220, 195 F.2d 206 (1952); American Airlines, Inc. v. Civil Aeronautics Board, 89 U.S.App.D.C. 365, 231 F.2d 483 (1956). Even more emphatically is this so where the petitioner has not even asked for a hearing, as provided by the rules of the administrative agency.

Finally, we note the requirement of section 1006(e) of the Federal Aviation Act, 49 U.S.C. § 1486(e):

"* * * No objection to an order of the Board or Administrator shall be considered by the court unless such objection shall have been urged before the Board or Administrator or, if it was not so urged, unless there were reasonable grounds for failure to do so."

■ None of the procedural errors alleged to have been made by the CAB were pointed out to it prior to the filing of this petition to review. Both the authority of the statute and the case interpreting it cited by the CAB preclude this court from considering these allegations of error not raised before the CAB. As the court said in Seaboard & Western Airlines v. Civil Aeronautics Board, 87 U.S.App.D.C. 78, 183 F.2d 975 (1950):

"The present petition asks review of the Board's order denying a temporary exemption. The point to which petitioner's brief and argument are directed is that the Board failed to make adequate findings. Petitioner did not urge this objection before the Board, despite the fact that petitioner asked the Board for a rehearing on other grounds. The objection therefore comes too late. The statute provides that 'No objection to an order of the Board shall be considered by the court unless such objection shall have been urged before the Board or, if it was not so urged, unless there were reasonable grounds for failure to do so.' 52 Stat. 1024, 49 U.S.C.A. § 646(e). No such grounds are shown. It follows that we could not modify or set aside the Board's order even if we regarded the objection now urged as valid."

III. Was the Denial of Island's Exemption Petition Arbitrary, Capricious, or an Abuse of Discretion?

Island alleges abuse of discretion and arbitrary and capricious administrative action in several particulars.

■ a. Island levels an attack on the CAB reference in its order to the Senate Committee Report on the Hawaiian Statehood Bill which indicated an intent to keep federal legislation relative to inter-island aviation in effect, and argues that the Senate Report is no excuse for the CAB's picking and choosing which sections of the Federal Aviation Act to enforce and which, like the exemption provisions, to ignore. Island overlooks the fact that this reference to the Senate Report was only to show that CAB jurisdiction was not the chance result which Island alleged it to be. The CAB has adequately responded to Island's contention by pointing out that it is well established that the basic policy of the Federal Aviation Act is a certification system, with exemption to be used sparingly. American Airlines v. Civil Aeronautics Board, 98 U.S.App. D.C. 348, 235 F.2d 845 (1956); Pan American World Airways v. Civil Aeronautics Board, 261 F.2d 754 (D.C.Cir. 1958). Moreover, the legislative history of changes in the certification power indicates a congressional intent that the exemption power should be construed narrowly, and employed in only very limited and unusual circumstances. H.R.Rep.No. 1950, 87th Cong. 2d Sess., p. 13.

b. Island next attacks the CAB decision for making reference to the subsidies paid the currently certified airlines, Aloha and Hawaiian. Island argues that this is nothing more than an attempt to "buy federal jurisdiction." Island's argument is a distortion of the CAB's concern for the economics of the market over which it felt that it had been given the duty of supervision. The CAB's figures were based on estimates (which the CAB recognized as such) from Aloha and Hawaiian as to the effect on the system of inter-island transportation which the CAB felt compelled to maintain. Its concern with future loss increases can hardly be used to derogate its views concerning the "public interest." In this regard it is particularly interesting to note that Island was required to provide economic data in its application for exemption (by 14 C.F.R. § 302.402(c)), and failed to do so. The clear implication is that if the CAB were to consider figures submitted by Island (which it only *now* seeks to submit) it would be acting in the public interest, while its consideration of figures submitted by others and left unanswered by Island becomes arbitrary and capricious action. We are unconvinced.

■ c. Island's final attack is a multi-faceted treatment of "The Concept of Public Interest" in which it repeats charges that the CAB is sheltering a monopoly, denying Hawaii equal status in the federal union, controlling purely intrastate transport, and annulling Hawaii's power to regulate its internal commerce so that the federal government will not have to increase subsidies to Aloha and Hawaiian. These arguments have all been dealt with earlier. In including them under a general heading of public interest Island attempts to substitute its view of that concept for the CAB's. Had Island devoted its efforts to expressing its views on public interest to the CAB in the first place, it perhaps would not be in its present predicament. Be that as it may, we have noted the references to the public interest in the CAB's order, and while we do not believe that its views of the public interest are the only ones which could reasonably be maintained, neither are we convinced that they are as wrong as Island would have us believe. We decline to find that the CAB acted arbitrarily or capriciously, and we decline to accept Island's views as a substitute for those of the Board.

In reaching this decision we wish it to be understood we do not favor or oppose federal control of Hawaiian intrastate air transport. We come to the result we believe is required in light of the

authorities as they now stand. We suggest that the solution to Hawaii's problem is probably contained in Judge Chambers' opinion in Island's first appearance here (331 F.2d at 208):

"Hawaii, which has appeared as a friend of the court, suggests that if the Civil Aeronautics Board is right, it will be the only state of 50 whose intra-state transportation is subject to federal grace of to be or not. If such be the eventual outcome (we do not predict), our ruling today should hasten congressional consideration of whether Hawaii should be exempted from federal permits to operate island to island."

Under the power vested in this court by 49 U.S.C. § 1486(d) we affirm the order of the CAB.