388 F.2d 381
 Harold KENDLER, B. L. Millman, F. D. Walsh, Charles J.
French, J. G. Schumann, H. J. Newbauer, Robert
Kinnear and Manhattan Lodge No. 946,
Brotherhood of Railroad
Trainmen, Appellants,
v.
W. Willard WIRTZ, Secretary of Labor and Robert C. Weaver,
Secretary, Department of Housing and Urban Development.
 No. 16340.
 United States Court of Appeals Third Circuit.
 Argued Sept. 26, 1967.
Decided Jan. 18, 1968.
 
 Francis J. Hartman, Hartman & Schlesinger, Mount Holly, N.J., Jan M. Schlesinger, Mount Holly, N.J., on the brief), for appellants.
 Leonard Schaitmann, Dept. of Justice, Appellate Section, Civil Division, Washington, D.C. (Carl Eardly, Acting Asst. Atty. Gen., David M. Satz, Jr., U.S. Atty., Alan S. Rosenthal, Harvey L. Zuckman, Attys., Dept. of Justice, Washington, D.C., on the brief), for appellees.
 Before McLAUGHLIN, HASTIE and FORMAN, Circuit Judges.
 OPINION OF THE COURT
 HASTIE, Chief Judge.
 
 
 1
 The plaintiffs in this action, appellants here, are seven employees of the Pennsylvania Railroad and the local of the Brotherhood of Trainmen to which they belong. They sued in a district court to enjoin the Secretary of Labor from certifying that 'fair and equitable arrangements', within the meaning of section 10(c) of the Urban Mass Transportation Act of 1964, 49 U.S.C. 1609(c), have been made to protect the interests of railroad employees, as they may be affected by three proposed federal grants-in-aid to the State of New Jersey and certain state agencies for the purpose of improving railroad commuter service. The court also was asked to enjoin the Secretary of Housing and Urban Development from disbursing funds for the projects in question until such 'fair and equitable arrangements' should be made.
 
 
 2
 The Secretaries moved to dismiss the complaint on the grounds that the plaintiffs lacked standing to sue and that the challenged administrative determinations are not judicially reviewable. This motion was granted and the plaintiffs appealed.
 
 
 3
 In the Urban Mass Transportation Act of 1964 Congress authorized the Secretary of Housing and Urban Development to make grants and loans from federal funds to states and local public bodies to assist the borrowers in defraying the capital costs of improvements in mass transportation services in urban areas. At the same time, Congress conditioned the extension of financial assistance in some circumstances upon a determination by the Secretary of Labor 'that fair and equitable arrangements' had been made to protect the interests of employees adversely affected by the projects to be financed and a determination by the Secretary of Housing and Urban Development that an adequate relocation program had been provided for families displaced by the proposed projects. 49 U.S.C. 1606(a), 1609(c). This responsibility of the Secretary of Labor is further defined by an additional direction that the employee protective 'arrangements shall include * * * such provisions as may be necessary for * * * (3) the protection of individual employees against a worsening of their positions with respect to their employment; (4) assurances of * * * priority of reemployment of employees terminated or laid off * * *.'
 
 
 4
 We assume for the purposes of this appeal that the plaintiffs have standing to sue. On that issue our decision in Pittsburgh Hotels Ass'n v. Urban Redevelopment Authority, 1962, 309 F.2d 186 is not controlling because the statute there, unlike the statute here, provided no basis for argument that Congress intended to create the claimed individual rights to protection against disadvantageous consequences of the legislation. It is true that the Court of Appeals for the Ninth Circuit has denied plaintiffs standing to sue in a case which seems indistinguishable from the present case. Johnson v. Redevelopment Agency, 1963, 317 F.2d 872. However, we leave open the question whether we would follow that decision.
 
 
 5
 Assuming standing to sue, the scope of permissible review is limited. A mere difference of judgment between a person disadvantageously affected by agency action and the responsible head of the agency over the merits of particular administration action as a means of achieving a legislative objective, when Congress has assigned authority to make and act upon such determinations to the agency, is not judicially reviewable. Panama Canal Co. v. Grace Line, Inc., 1958, 356 U.S. 309, 78 S.Ct. 752, 2 L.Ed.2d 788; United States v. Carmack, 1946, 329 U.S. 230, 67 S.Ct. 252, 91 L.Ed. 209; Adams v. Nagle, 1938, 303 U.S. 532, 58 S.Ct. 687, 82 L.Ed. 999; Williamsport Wire Rope Co. v. United States, 1928, 277 U.S. 551, 48 S.Ct. 587, 72 L.Ed. 985. Moreover, section 10 of the Administrative Procedure Act[1] expressly excludes 'agency action * * * by law committed to agency discretion' from judicial review. Nothing in the Urban Mass Transportation Act suggests that the exclusionary language of section 10 is inapplicable to the Secretary of Labor's required determination that protective arrangements adopted for the benefit of employees affected by a mass transportation project are 'fair and equitable' and constitute 'necessary' safeguards. To the contrary, the statutory standard is expressed in such general concepts that it requires and must contemplate the exercise of discretion in choice among various rational alternatives none of which can fully satisfy all demands of competing interests. Cf. Duesing v. Udall, 1965, 121 U.S.App.D.C. 370, 350 F.2d 748, cert. denied 383 U.S. 912, 86 S.Ct. 888, 15 L.Ed.2d 667. Moreover, the absence of any provision in the Mass Transportation Act for judicial review of the Secretary's determination suggests that Congress recognized that the Secretary of Labor is at least as competent as a court to achieve such an accommodation of diverse and often conflicting social and economic interests as must be made in determining what employee protective arrangements incidental to mass transportation projects are 'equitable' and 'necessary'. We are concerned here with a type of determination that 'does not present questions of an essentially legal nature in the sense that legal education and lawyers' learning afford peculiar competence for their adjustment'. Frankfurther, J., concurring in Driscoll v. Edison Light & Power Co., 1939, 307 U.S. 104, 122, 59 S.Ct. 715, 724, 83 L.Ed. 1134.
 
 
 6
 We now apply this conception of the limited scope of judicial review to the particular matters of which the plaintiffs complain. The operational plan of the presently proposed mass transportation project contemplates and provides for the rerouting of some New Jersey Central Railroad trains to operate over Pennsylvania Railroad tracks in certain territory near Newark, New Jersey where the individual appellants and other Pennsylvania trainmen work and are represented by the complaining union. In this connection, an agreement, approved by the General Chairman, Pennsylvania Lines East, for the Brotherhood of Railway Trainmen, provides generally that all work, 'except the operation of Central Railroad of New Jersey trains', to be performed on Pennsylvania Railroad property shall be assigned to Pennsylvania trainmen. The appellants fear that the quoted exception will result in some diminution of Pennsylvania railroad service and attendant loss of Pennsylvania jobs without adequate protection of displaced trainmen.
 
 
 7
 However, it also appears that, in contemplation of that contingency, the Pennsylvania Railroad has agreed that any of its employees who may be displaced as a result of this project shall be accorded priority as to 'any vacant position on Pennsylvania property for which they are, or by training can become qualified'. Apparently, the appellants deem this protective provision inadequate because priority of reemployment is limited to Pennsylvania vacancies and does not extend to the entire contemplated new mass transportation system. They also complain that the stated period of certain rights of compensation accorded displaced employees is not geared to the individual employee's years of service.
 
 
 8
 To state these objections is to disclose that the protective arrangements in dispute are substantial, though insufficient in the judgment of the appellants. Moreover, the greater protective measures they seek may well be disadvantageous to other groups of employees or substantially more burdensome to the carrier, or both.
 
 
 9
 It is for the reasonable accommodation of unavoidably conflicting interests in such a situation as this that the Congress has seen fit to make the judgment of the Secretary of Labor as to what is fair and equitable controlling. Cf. United States v. George S. Bush & Co., 1940, 310 U.S. 371, 60 S.Ct. 944, 84 L.Ed. 12, 59; Swayne & Hoyt, Ltd. v. United States, 1937,300 U.S. 297, 57 S.Ct. 478, 81 L.Ed. 659. Relating the attempted administrative compliance with the legislative directive to the limited judicial reviewing function outlined earlier in this opinion, we hold that it would not be appropriate for a court to substitute its judgment for the Secretary's judgment that railroad employees are afforded fair and equitable protection by the arrangements that have been made for their benefit.
 
 
 10
 The appellants also complain that the Secretary, though he received and considered their written statement of objections to the proposed protective provisions, did not grant them a 'hearing' on their complaint. However, this is not a case where the Secretary's challenged action brings into issue any constitutional right of the appellants. Contrast Wong Yang Sun v. McGrath, 1950, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616. Neither are any rights that existed independent of the protective legislation jeopardized. The Secretary has merely undertaken to make sure that equitable compensatory benefits have been provided for employees whose economic position will be worsened by entirely lawful reorganization of transportation systems. The procedural requirement of a 'hearing' which characterizes judicial determinations and administrative analogues is not mandated as an essential of fairness in the making of such an administrative determination as we have here. Cf. Brotherhood of Railway Clerks etc., v. Employees Ass'n., 1965, 380 U.S. 650, 660, 85 S.Ct. 1192, 14 L.Ed.2d 133; Ruby v. American Airlines, Inc., 2d Cir., 1963, 323 F.2d 248; Fahey v. O'Melveny & Myers, 9th Cir., 1952, 200 F.2d 420, 472; Eastern Airlines Inc. v. Civil Aeronautics Bd., 1950, 87 U.S.App.D.C. 331, 185 F.2d 426.
 
 
 11
 The judgment will be affirmed.
 
 
 
 [1]
 Recently reenacted and codified by Pub.L. 89-554, Sept. 6, 1966, 80 STAT. 378, 5 U.S.C. (1964 ed., Supp. II) 701