John F. McCAREY, as Administrator of the Estate of Bernard J. Gerner, Deceased, as Commander of the United Veterans Council of Philadelphia, and in His Own Right and Margaret Gerner, Widow, in Her Own Right, Appellants,

v.

Robert McNAMARA, Secretary of Defense, Stanley R. Resor, Secretary of the Army, Colonel C. A. Shaunesey, Jr., Chief of Support Services, Colonel James Mac Farland, Chief of Memorial Division, Office of Support Services and Chester E. Goodwin, Chief of National Cemeteries.

Nos. 16701, 16702.

United States Court of Appeals Third Circuit.

Argued Jan. 16, 1968.

Decided Feb. 15, 1968.

John D. Shein, Philadelphia, for appellants.

Daniel Joseph, Civil Div., Appellate Section, Dept. of Justice, Washington, D. C. (Edwin L. Weisl, Jr., Asst. Atty. Gen., Drew J. T. O'Keefe, U. S. Atty., Morton Hollander, Robert V. Zener, Attys., Dept. of Justice, Washington, D. C., on the brief), for appellees.

Before HASTIE, Chief Judge, GANEY, Circuit Judge, and WEINER, District Judge.

OPINION OF THE COURT

PER CURIAM.

This action in the nature of mandamus against the Secretary of Defense under Section 1361 of Title 28, United States Code, arises out of the dissatisfaction of war veterans and survivors of deceased veterans with the failure of the Congress and the Department of Defense to provide National Cemeteries with sufficient space and so located that any qualified veteran can be buried in a National Cemetery near his home. More precisely, the widow of a deceased veteran complains that the Secretary of Defense has refused to provide burial for

her late husband, a qualified veteran who resided in Philadelphia, Pennsylvania, in a cemetery within the Delaware Valley area. A co-plaintiff, who is Commander of the United Veterans Council of Philadelphia, complains that all veterans in this vicinage are similarly denied their alleged right of burial in the area.

The Secretary moved to dismiss the complaint. His motion was supported by an affidavit averring that no grave sites are available in National Cemeteries in the Delaware Valley area; that in recent years Congress has failed to approve any of several bills introduced to expand burial space in this area, and that no appropriated funds are currently available for this purpose. The plaintiff then moved to take depositions of the responsible military authorities in an effort to show that appropriated monies were available which could lawfully be used to expand national cemeteries. However, the court granted the motion to dismiss without giving the plaintiff an opportunity to take depositions.

We are satisfied that the court's action was correct. It is admitted that no grave sites are now available in National Cemeteries in the Delaware Valley area. There is no claim that Congress has specified that any appropriated and presently unexpended money shall be used for National Cemetery expansion or that the Secretary has failed or refused to obey any legislative mandate. At most it is alleged that it is permissible for the Secretary to expand burial sites by using available money not specifically appropriated for that purpose. Thus, the court is asked to impose upon the Secretary a particular choice among lawful alternatives in allocating appropriated funds. Moreover, even if the Secretary should allocate some money to cemetery expansion, it is not disputed that the demand for burial sites for eligible veterans far exceeds capacity to provide sites with such funds as are said to be available. Thus, an administrative choice would have to be made among the needs of many equally deserving groups of veterans in communities scattered throughout the country to the disappointment of most of them.

Such choices involve the kind of judgment which the administrative authorities are more competent to make than are the courts and with which courts should not and do not interfere. Cf. United States v. Carmack, 1946, 329 U.S. 230, 67 S.Ct. 252, 91 L.Ed. 209 (administrative choice of site for post office); Duesing v. Udall, 1965, 121 U.S. App.D.C. 370, 350 F.2d 748 (decision whether to lease certain public land). See also Kendler v. Wirtz, 3d Cir., 388 F.2d 381, decided January 18, 1968.

If such directions as the appellants desire are to be given to the Secretary, it is for the Congress and not the courts to issue them.

The judgment will be affirmed.