## HAMILTON v. NATIONAL LABOR RELATIONS BOARD.
### No. 12197.

United States Court of Appeals
Ninth Circuit.
Nov. 1, 1949.

Anthony J. Kennedy, Carl Kuchman, Gilford G. Rowland, Sacramento, Cal., Richard Ernst, San Francisco, Cal., for appellant.

David P. Findling, Associate General Counsel, A. Norman Somers, Assistant General Counsel, Albert M. Dreyer, Atty., NLRB, Washington, D. C., for appellee.

Before HEALY and GOODRICH (sitting by special designation), Circuit Judges, and GOODMAN, District Judge.

PER CURIAM.

This is an appeal from an order of the district court directing appellant to comply with a subpena duces tecum issued by the National Labor Relations Board in a pending proceeding involving alleged unfair labor practices occurring in July and August of 1946. Appellant is an employee of one of the parties to the proceeding and admittedly has in her custody certain records and documents of that party germane to the inquiry. She declined to respond to the Board's subpena on the ground that the Board lacks jurisdiction of the proceeding inasmuch as the practices occurred more than six months prior to the lodging of the charges. See § 10(b) of the Act as amended by the Labor Management Relations Act of 1947, 29 U.S.C.A. § 160 (b). Jurisdiction is lacking, she says, on the further ground that the labor organization concerned, and its officers, were not shown to have complied with the requirements of § 9(f), (g), and (h) of the amended Act, 29 U.S.C.A. § 159(f–h), nor did the Board's complaint allege compliance.

The Board had jurisdiction to issue the complaint and to conduct the proceeding. It had power to hear and determine in the first instance the various legal questions that might arise in the course of the inquiry, including those mentioned above. No rights of appellant are being impinged upon. Obviously she is in no position to raise questions of this sort, much less to demand that the pending inquiry be halted while piecemeal reviews are sought in the courts.

Order affirmed.