In re MERCHANT MARINERS DOCUMENTS ISSUED TO DIMITRATOS et al.

No. 7105.

United States District Court
N. D. California.   S. D.

Dec. 27, 1949.

Frank J. Hennessy, U. S. Atty., San Francisco, Cal., C. Elmer Collett, Asst. U. S. Atty., Keith R. Ferguson, Sp. Asst. to Atty. Gen., for plaintiff.

Albert Michelson, San Francisco, Cal., Kneland C. Tanner, Portland, Or., Herbert Chamberlin, of San Francisco, Cal., for defendant.

LEMMON, District Judge.

Tilden H. Edwards, Examiner for the 12th United States Coast Guard District, appointed such by the Commandant to preside at hearings in adjudication of disciplinary actions commenced and held under Section 239 of Title 46 U.S.C.A., brings this proceeding to obtain an order of the court requiring certain respondents, able seamen, against whom charges are pending and undetermined, to produce and deliver to him the Certificates of Service issued to them pursuant to 46 U.S.C.A. §§ 367, 375, 391a, 481, 643, 672, 672—1, 672—2, 672b and 689, and the regulations promulgated by the Commandant, 46 C.F.R. Subpart 137.01 to 137.21—5. The same order was requested as against Kneland C. Tanner, attorney for the seamen. At the hearing in this Court upon the consent of the Examiner the proceeding was dismissed as to Tanner, since he admittedly does not now have possession of the certificates.

If the certificates were sought for use as evidence, the issuance of subpoenas requiring that they be presented would be within the authority of the Examiner and within the jurisdiction of this Court to compel obedience. Sec. 239(e), Title 46 U.S.C.A. Questions as to the basis for the issuance of the subpoenas and compliance with pertinent procedural requirements are usually matters for determination by the administrative agency in the first instance. Hamilton v. National Labor Relations Board, 9 Cir., 177 F.2d 676.

It is made clear that the production of the certificates was not demanded or required as evidence in the case. No issue was presented as to the certificates being delivered to and held by respondents. The holders of these certificates admitted before the Examiner that they were such holders. The physical presence of the certificates would be but proof of what was admitted and would serve no necessary or useful purpose as evidence. The demand was solely to enable the Examiner to comply with the Regulations Nos. 137.09—15 and 137.09—60 under the mistaken assumption that because the terms of those regulations required impounding as a jurisdictional prerequisite they must be in the Examiner's possession before he could make his order. It is likewise clear that the effect of compliance is to impound the certificates until the final conclusion or judgment upon the charges, thereby depriving these seamen of possession thereof in the meantime. The invocation of these regulations would accomplish the same result as would a suspension of the licenses until the final disposition of the charges.

The consequences to these seamen are serious. To the accused seamen they mean depriving them of the right to follow their vocation while the charges are pending since production of the certificates by them is necessary to obtain employment. 46 U.S.C.A. § 672(b,d,f).

[5] Counsel for the Examiner state that the Coast Guard is uniformly meticulous in protecting the interests of the seamen. They mention that under the regulations (137.11—15) a temporary license may be issued to a seaman whose license has been suspended or revoked if he has indicated his appeal and state that this protects the seaman in all cases except where public safety requires the withholding of the temporary license. But the temporary license is not a matter of right. It issues in the discretion of the Examiner. And the period between the presenting of

the license and decision in the proceeding is indefinite, depending again upon the will of the Examiner as to when he shall make his order. It is quite apparent that these regulations and the policy of the Coast Guard do not measure up to due process.

■ Respondents are entitled to due process before their licenses are cancelled. That is provided in section 239(g) of 46 U.S.C.A. Under this section, even where the charge is that the seaman's conduct endangers life or public safety he must be afforded a hearing and an opportunity to be heard in his own defense before he may be deprived of his license. No administrative regulation may change these statutory guarantees. No claim of public policy or public urgency may justify an administrative regulation which conflicts with a statutory regulation. An administrator may not "do in gross what he had no power to do in detail". Higgins v. Foster, 2 Cir., 12 F.2d 646, 648; International Ry. Co. v. Davidson, 257 U.S. 506, 42 S.Ct. 179, 66 L.Ed. 341. If summary procedure is justified under the police power, the intention to dispense with notice and hearing must be expressed by the legislative power, since "official powers cannot be extended beyond the terms and necessary implications of the grant". Federal Trade Commission v. Raladam Co., 283 U.S. 643, 648, 51 S.Ct. 587, 590, 75 L.Ed. 1324, 79 A.L.R. 1191. The authority in the Commandant of the Coast Guard to make rules and regulations does not cover the right to suspend without a hearing. Standard Air Lines v. Civil Aeronautics Board, D.C.Cir., 177 F.2d 18. Here the legislative act preserves the usual protection. The procedure provided by Congress must be followed.

■ The statute does not expressly permit of a suspension of the license prior to a final determination in the proceeding. Nor may it be said that that authority is impliedly granted. The implication from what has been expressed by Congress is that that power was not intended to be granted and that an administrative rule or regulation designed to exercise it would be an illegal usurpation of authority.

■ Basically the question here is whether the coercive power of this court should be invoked under the existing circumstances to require the doing of something which will aid neither the hearing nor the determination but which is oppressive and disturbs seriously the seamen's rights. This court should not be a force in that result.

The relief sought is denied.