**SEABOARD & WESTERN AIRLINES, Inc.**
**v. CIVIL AERONAUTICS BOARD.**

No. 10089.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 23, 1950.

Decided June 5, 1950.

Mr. George J. Solomon, Forest Hills, N. Y., of the Bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Messrs. Hardy K. Maclay and Stanley Gewirtz, Washington, D. C., were on the brief, for petitioner. Mr. Ralph S. Mann, Washington, D. C., also entered an appearance for petitioner.

Mr. John H. Wanner, Associate General Counsel, Civil Aeronautics Board, Washington, D. C., with whom Assistant Attorney General Herbert A. Bergson and Messrs. Emory T. Nunneley, Jr., General Counsel, Civil Aeronautics Board, Washington, D. C., William D. McFarlane, Special Assistant to the Attorney General, and O. D. Ozment, Attorney, Civil Aeronautics Board, Washington, D. C., were on the brief, for respondent. Mr. Edward Dumbauld, Attorney, Civil Aeronautics Board, Washington, D. C., also entered an appearance for respondent.

Before STEPHENS, Chief Judge, and EDGERTON and PRETTYMAN, Circuit Judges.

PER CURIAM.

Seaboard & Western Airlines, Inc., the petitioner, is authorized to engage as an irregular air carrier in interstate or overseas transportation of persons and property or foreign transportation of property. Petitioner requested and respondent Civil Aeronautics Board denied a temporary exemption authorizing petitioner to engage in transportation of property between the United States, Europe, and the Middle East on a "demand basis", without regard to regularity of service. A proceeding, in which a hearing has since been held, on petitioner's application to the Commission for a certificate authorizing such transportation on a permanent basis was pending during the exemption proceeding and apparently is still pending.

The present petition asks review of the Board's order denying a temporary exemption. The point to which petitioner's brief and argument are directed is that the Board failed to make adequate findings. Petitioner did not urge this objection before the Board, despite the fact that petitioner asked the Board for a rehearing on other grounds. The objection therefore comes too late. The statute provides that "No objection to an order of the Board shall be considered by the court unless such objection shall have been urged before the Board or, if it was not so urged, unless there were reasonable grounds for failure to do so." 52 Stat. 1024, 49 U.S.C.A. § 646(e). No such grounds are shown. It follows that we could not modify or set aside the Board's order even if we regarded the objection now urged as valid.

Affirmed.