## NEW ENGLAND AIR EXPRESS, Inc. v. CIVIL AERONAUTICS BOARD.

### No. 11274.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 11, 1952.

Decided Feb. 21, 1952.

Seymour S. Guthman and Alexander A. Fleischfarb, Washington, D. C., for petitioner.

O. D. Ozment, Attorney, Civil Aeronautics Board, Washington, D. C., with whom Asst. Atty. Gen. H. G. Morison and Emory T. Nunneley, Jr., General Counsel, Civil Aeronautics Board, and John H. Wanner, Associate General Counsel, Civil Aeronautics Board, Washington, D. C., were on the brief, for respondent. Charles H. Weston, Chief, Appellate Section of the Antitrust Division, Department of Justice, Washington, D. C., also entered an appearance for respondent.

Before EDGERTON, BAZELON, and FAHY, Circuit Judges.

PER CURIAM.

. Petitioner, a large irregular air carrier, asks review of an order of the Civil Aeronautics Board suspending the Letter of Registration which permits it to operate. Civil Aeronautics Act, as amended, 52 Stat. 1024, § 1006, 49 U.S.C.A. § 646. Petitioner has no certificate of public convenience and necessity. In the hearing which led to the suspension order gross violations of the Act and of the Board's Economic Regulations by petitioner were charged, admitted, and found. The Board allowed petitioner to file affidavits, documentary evidence, and written argument, and also to "present orally its reasons why its registration should not be suspended * * *." Standard Airlines, Inc., v. Civil Aeronautics Board, 85 U.S.App.D.C. 29, 32, 177 F.2d 18, 21.

Petitioner did not ask the Board for an evidentiary hearing. It now contends it should have had such a hearing. But the public interest appears to have justified petitioner's suspension and at least some of petitioner's violations were willful. For both of these reasons the suspension hearing was not subject to the requirements of § 9(b) of the Administrative Procedure Act, 5 U.S.C.A. § 1008(b). Moreover petitioner's objection to the Board's hearing was not presented to the

Board and therefore comes too late. Seaboard & Western Airlines, Inc., v. Civil Aeronautics Board, 87 U.S.App.D.C. 78, 183 F.2d 975.

Affirmed.